IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SAFA ALIDOUST | PLAINTIFF |
| v. | CIVIL NO. 1:17-cv-35-LG-RHW |
| HANCOCK COUNTY, MISSISSIPPI, et al. | DEFENDANTS |

## ORDER GRANTING MOTION TO DISMISS AND ALLOWING LEAVE TO AMEND

**BEFORE THE COURT** is the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [7] filed by defendant Dr. Wayne E. Grayson. The plaintiff, Safa Alidoust, has not responded to the Motion, and the time for doing so expired. Upon reviewing the Motion and the applicable law, the Court finds that Alidoust has not stated a claim upon which relief can be granted. The Court will grant the Motion, but will allow Alidoust leave to amend his complaint with respect to Dr. Grayson.

## BACKGROUND

Alidoust is suing multiple defendants for various claims resulting from alleged discrimination. On August 30, 2015, Alidoust was arrested while allegedly suffering from a mental illness. He claims that he was treated unfairly based on the fact that he is Iranian and Muslim. Alidoust alleges that he was denied adequate medical treatment while in custody, despite clearly suffering from an illness. Dr. Grayson is mentioned only once in the complaint, as "a consulting physician with the Hancock County Mississippi Sheriff's Department." (Compl. 5, ECF No. 1).

1

## DISCUSSION

"When considering a Rule 12(b)(6) motion, we liberally construe the complaint in favor of the plaintiff and accept all well-pleaded factual allegations as true." *Colony Ins. Co. v. Peachtree Constr., Ltd.,* 647 F.3d 248, 252 (5th Cir. 2011). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Alidoust lists Dr. Grayson as one of the defendants in his Complaint, but does not include any factual allegations relating to Dr. Grayson, despite specifically mentioning many of the other defendants in his pleaded facts. Because Alidoust failed to plead *any* facts as to how Dr. Grayson is liable for the misconduct alleged, he has failed to meet the basic standard to survive dismissal under Rule 12(b)(6). *See, e.g., Bryant v. Bank of N.Y.,* No. 1:13CV358-HSO-RHW, 2015 WL 11004899, at *4 (S.D. Miss. May 22, 2015). Nevertheless, mindful that leave to amend "is to be freely given[,]" Fed. R. Civ. P. 15(a), the Court will allow Alidoust the opportunity to amend his Complaint to attempt to state a claim or claims against Dr. Grayson.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by Defendant Dr. Wayne E. Grayson is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, should he choose to do so, Plaintiff must amend his Complaint as discussed herein within **fourteen (14) days from the date of this Order**, and sooner if feasible.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE