IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SAFA ALIDOUST**                                                                             **PLAINTIFF**

v.                                                            **CIVIL NO. 1:17CV35-LG-RHW**

**HANCOCK COUNTY, MISSISSIPPI, et al.**                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS, GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT, AND ORDERING PLAINTIFF TO SHOW CAUSE WHY CERTAIN OTHER CLAIMS SHOULD NOT BE DISMISSED

BEFORE THE COURT are the [15] Motion for Judgment on Pleadings as to State Law Claims filed by Sheriff Ricky Adam, the [17] Motion for Judgment on Pleadings filed by Deputy Carl Contranchis, Deputy John Compton, Investigator Steve Saucier, Chief Deputy Don Bass, Jailer Ronald Thompson, and Warden Brandon Zeringue, and the [19, 21] Motions for Judgment on the Pleadings as to Federal Claims filed by these Defendants.[1] Plaintiff Safa Alidoust has not responded to the Motions and the time for doing so has expired.[2]

---

[1] For ease of reference in this Motion, the Court will refer to the Movants collectively as "Defendants" or the "Moving Defendants." Although they filed separate Motions, the Moving Defendants' arguments are identical.

[2] The Clerk of Court recently updated the email address for Alidoust's attorney. The Court is unclear if counsel was receiving copies of filings prior to doing so, although she was participating in the case by agreeing to at least one order and one deadline extension in the spring of this year. In any event, it was counsel's responsibility to timely update her email address through the CM/ECF system and to inquire about the status of the case. *See, e.g.*, Administrative Procedures for Electronic Case Filing; Attorney ECF Training Manual; Loc. Unif. Civ. R. 11; *see also Walker v. Tranfrontera CV de SA*, 634 F. App'x 422, 427 (5th Cir. 2015).

The Court has considered the Motions and the applicable law and finds that the Motions should be granted. The Court will dismiss with prejudice all state law claims against the Moving Defendants, as well as the individual capacity claims under Title VI, the ADA, and the Rehabilitation Act against those Defendants. The Court will dismiss without prejudice the remaining individual capacity claims against the Moving Defendants and will allow Plaintiff Alidoust an opportunity to file an Amended Complaint to attempt to cure the pleading deficiencies with respect to those claims. The Court will also order Alidoust to show cause why certain other claims should not be dismissed or to otherwise address those claims via the Amended Complaint. Any Amended Complaint and/or show cause response must be filed by August 23, 2017.

**BACKGROUND**

On February 14, 2017, Plaintiff Alidoust filed a "Complaint for Violation of Civil Rights" against numerous parties, including the Moving Defendants. Alidoust alleges that he was illegally detained without bond and denied appropriate and necessary medical care while detained. (*See* Compl. 8 (¶¶ 23-24), ECF No. 1). He further states that "[t]he officers involved falsely reported the charges and allegations against the Plaintiff as well as falsely reported statements allegedly made by the Plaintiff which resulted in a longer detention as well as permanently and irreversibly defaming the Plaintiff's character and reputation." (*Id.* (¶25)). Alidoust states that he was arrested on August 30, 2015 and held for 68 days until November 5, 2015. (*See, e.g.*, *id.* at 9 (¶¶ 27, 29)).

2

Alidoust has made multiple claims against the Moving Defendants, all of whom are employees of one or more Mississippi governmental entities, pursuant to both Mississippi state law and federal law. Alidoust's Complaint is less than clear, but Defendants have identified the following state law claims against them in the Complaint: (1) false imprisonment, (2) denial of equal protection, (3) denial of due process, (4) cruel and unusual punishment, (5) inadequate medical care, (6) failure to train, (7) failure to supervise, (8) failure to hire, (9) intentional infliction of emotional distress, (10) negligent infliction of emotional distress, (11) negligence, (12) gross negligence, (13) reckless disregard, (14) civil conspiracy, (15) slander, (16) defamation, and (17) libel. They have also identified the following federal claims: (1) discrimination based on national origin, race, and religion under Title VI of the Civil Rights Act (Title VI), (2) discrimination based on disability under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, (3) various constitutional claims pursuant to 42 U.S.C. § 1983, and (4) a conspiracy claim pursuant to 42 U.S.C. § 1985.[3]

Defendants have now moved to dismiss all state law claims against them. They have also moved to dismiss all federal claims against them in their individual capacities, including on the ground of qualified immunity.

---

[3] Alidoust states in passing that "[t]here may also be violations of the Omnibus Crime Control and Safe Streets Act of 1968." (Compl. 9, ECF No. 1). This is insufficient to state a claim, but, rather, is the exact type of conclusory allegation that the now familiar *Iqbal/Twombly* standard cautions against.

## DISCUSSION

"'The standard for dismissal under Rule 12(c) [governing motions for judgment on the pleadings] is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citation and brackets omitted). The Court "'accept[s] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Bosarge*, 796 F.3d at 439 (citation and quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, quotation marks, and brackets omitted).

**State Law Claims**

Defendants argue that the state law claims against them are barred by the Mississippi Tort Claims Act (MTCA) and by the applicable statute(s) of limitation. Because the Court agrees that the claims are barred on these grounds, it need not address Defendants' other arguments for dismissal of the state law claims.

The majority of Alidoust's state law claims against Defendants are governed by the MTCA. This is because, with certain limited exceptions, the MTCA provides the exclusive civil remedy against a governmental entity or its employees – such as the Moving Defendants here – for acts or omissions which give rise to a suit. *See Stewart ex rel. Womack v. City of Jackson*, 804 So. 2d 1041, 1046 (Miss. 2002). "Any tort claim filed against a government entity or its employee shall be brought only under the MTCA." *Id.*

The MTCA requires claimants to file a notice of claim with the governmental entity's chief executive officer before filing a lawsuit. *See* Miss. Code § 11-46-11. The notice must contain specific information about the claim, including the nature and extent of the injury, the names of the persons involved, and the "amount of money damages sought . . . ." *See id.* There is a one-year statute of limitation on claims under the MTCA, and failure to file the required notice within the one-year period means the claims are time-barred. *See, e.g.*, *Seymour v. Necaise*, No. 1:11CV50 LG-RHW, 2013 WL 886056, at *5 (S.D. Miss. Mar. 8, 2013). "The MTCA's notice requirement 'is a hard-edged, mandatory rule which the Court

5

strictly enforces.'" *Id.* (citing *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006)).

Alidoust has not pled that he complied with the MTCA's notice requirement or otherwise attempted to demonstrate such compliance. As almost two years have passed since Alidoust's August 2015 arrest which gave rise to this action, "it is far too late to remedy the lack of notice." *See id.* Even if the Court measured the one-year period from the date of Alidoust's release on November 5, 2015, Alidoust's claims would still be barred, as he did not file his Complaint until February 2017. Alidoust does not allege that Defendants committed any torts after the release date, and from the face of the Complaint it is clear that all claims accrued before the release date. "Accordingly, the Court must find that [most of] [Alidoust]'s state-law tort claims are barred by [Alidoust]'s failure to file a notice of claim as required by the MTCA." *See id.*; *see also Lefoldt for Natchez Reg'l Med. Ctr. Liquidation Tr. v. Rentfro*, 853 F.3d 750, 753 (5th Cir. 2017); *Carney v. Brandon Police Dep't*, No. 3:13CV617-HSO-RHW, 2015 WL 11111370, at *6 (S.D. Miss. Jan. 13, 2015); *Prater v. Wilkinson Cty.*, No. 5:13-CV-23 DCB MTP, 2013 WL 5946377, at *3 (S.D. Miss. Nov. 5, 2013); *Hobgood v. Bordelon*, No. 1:11CV252-LG-RHW, 2013 WL 2491061, at *9 (S.D. Miss. June 10, 2013); *Stewart v. Perry*, No. 1:07CV1270WJG-JMR, 2009 WL 112091, at *2 (S.D. Miss. Jan. 14, 2009); *Taylor v. City of Jackson*, No. 3:07CV76 WHBJCS, 2007 WL 2122470, at *4 (S.D. Miss. July 20, 2007); *Woolever v. Taylor*, No. 205CV150PB, 2006 WL 1767847, at *1 (N.D. Miss. June 23, 2006).

6

Defendants recognize that a few of Alidoust's state law claims – such as for intentional infliction of emotional distress, slander, defamation, and libel – may be outside of the MTCA's purview. *See* Miss. Code § 11-46-5. Such claims are still subject to a one-year statute of limitation, and, thus, are time-barred. Again, it is apparent from the face of the Complaint that the challenged conduct giving rise to the claims occurred prior to Alidoust's November 2016 release.[4] *See* Miss. Code § 15-1-35; *Jones v. Fluor Daniel Servs. Corp.,* 32 So. 3d 417, 423 (Miss. 2010); *Ducksworth v. Rook*, No. 2:14-cv-146-KS-MTP, 2015 WL 737574, at *4-5 (S.D. Miss. Feb. 20, 2015). The Court will dismiss all state law claims against the Moving Defendants with prejudice, and, as discussed below, will order Alidoust to show cause why any remaining state law claims against the non-moving Defendants should not also be dismissed.

**Federal Law Claims**

Alidoust sued the Moving Defendants in both their individual and official capacities.[5] Defendants have moved to dismiss all federal claims against them in their individual capacities. They contend that individual capacity claims are unavailable to Alidoust under Title VI, the ADA, and the Rehabilitation Act. They

---

[4] To the extent not covered by the MTCA, any claim for false imprisonment, civil conspiracy, or reckless disregard would still be time-barred as well. *See McGuffie v. Herrington*, 966 So. 2d 1274, 1277-78 (Miss. Ct. App. 2007); *Jordan v. Premier Entm't Biloxi, LLC*, No. 1:13CV195-LG-JCG, 2014 WL 5773762, at *4-5 (S.D. Miss. Nov. 6, 2014); *see also* Miss Code § 15-1-35.

[5] As discussed below, the official capacity claims against the Moving Defendants are redundant of the claims against Defendant Hancock County.

further state that the Complaint fails to meet the heightened pleading standard for claims brought pursuant to §§ 1983 and 1985 and involving qualified immunity.

### A. Title VI, the ADA, and the Rehabilitation Act

Alidoust cannot state a claim against any Defendant in his individual capacity pursuant to Title VI, the ADA, or the Rehabilitation Act. *See, e.g.*, *Lollar v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999); *Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012); *Muthukumar v. Kiel*, 478 F. App'x 156, 158-59 (5th Cir. 2012); *Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 811 (S.D. Miss. 2006); *Gerald v. Univ. of S. Miss.*, No. 2:12CV147-KS-MTP, 2014 WL 172113, at *5 (S.D. Miss. Jan. 15, 2014). The Court will dismiss those claims with prejudice.

### B. Sections 1983 and 1985

As an initial matter, while "[t]he pleading standards for qualified immunity are often referred to as 'heightened,' . . . they essentially track the *Iqbal/Twombly* standard applicable to all Rule 12(b)(6) motions to dismiss." *See Axcess Med. Clinic, Inc. v. Easterling*, No. 3:14CV112 DPJ-FKB, 2015 WL 5642975, at *7 (S.D. Miss. Sept. 24, 2015) (citing, *inter alia*, *Cox v. Kaelin*, 577 F. App'x 306, 313 (5th Cir. 2014)). Nevertheless, even under the correct standard, the Court finds that Alidoust's Complaint is the classic "shotgun pleading 'where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick.'" *See Copeland v. Axiom Mortgage Grp. LLC*, No. 1:16cv159-HSO-JCG, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016) (citation omitted).

8

Moreover, "[t]o defeat a defendant's assertion of qualified immunity at the pleadings stage, the plaintiff 'must plead that each Government-official defendant, **through the official's own individual actions**, has violated the Constitution.'" *See Little v. Obryan*, 655 F. App'x 1027, 1029 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 676) (emphasis added). Here, with few exceptions, Alidoust's Complaint does not include facts from which the Court could conclude that each Defendant individually violated the Constitution and does not otherwise satisfy the pleadings requirements of *Iqbal/Twombly*.

However, mindful that leave to be amend "is to be freely given" under Federal Rule of Civil Procedure 15(a), the Court will give Alidoust the opportunity to amend his Complaint with respect to the remaining individual capacity claims against the Moving Defendants. The Court cautions Alidoust that any Amended Complaint should not contain claims that the Court has already dismissed herein or previously or that lack a factual or legal basis.[6]

**Show Cause Order**

Alidoust is ordered to show cause why any remaining state law claims against any Defendant identified in the Complaint should not be dismissed based on the MTCA and/or the applicable statute(s) of limitation as discussed herein. Additionally, Alidoust has sued Hancock County and multiple Hancock County

---

[6] The Court is aware that Defendants City of Bay St. Louis and Brad Epperson have filed a Motion to Dismiss. In the interest of judicial economy, the Court will defer ruling on that Motion until Alidoust complies with this Order. In particular, an Amended Complaint would likely moot the pending Motion.

9

officials (the Moving Defendants) in their official capacities. Any official capacity claims against the Moving Defendants are redundant of the claims against the County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also, e.g.*, *Carney*, 2015 WL 11111370, at *3. The same is true for Alidoust's claims against Brad Epperson in his official capacity as an Officer of the Bay St. Louis Police Department. Therefore, Alidoust is also ordered to show cause why the official capacity claims against the Moving Defendants and against Epperson should not be dismissed.

Alidoust must also show cause why the Bay St. Louis Police Department should not be dismissed, as that entity is not subject to suit. (*See generally* Order, ECF No. 24); Fed. R. Civ. P. 17(b); *Upchurch v. City of Moss Point*, No. 1:10CV228-LG-RHW, 2011 WL 5082224, at *3 (S.D. Miss. Oct. 26, 2011). Finally, there is no indication that Defendant Health Assurance, LLC, has been timely served with a copy of the Complaint. Accordingly, Alidoust must show cause why the claims against Defendant Health Assurance should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

## Conclusion

To the extent the Court has not addressed any of the arguments made with respect to the pending Motions, it has considered them and determined that they would not alter this result. The Court is of the opinion that Plaintiff Alidoust's state law claims against the Moving Defendants are barred and that Plaintiff Alidoust cannot state federal claims against the Moving Defendants pursuant to

Title VI, the ADA, or the Rehabilitation Act. The Court will give Plaintiff Alidoust the opportunity to file an Amended Complaint regarding his other federal claims against the Moving Defendants. The Court further finds that, for the reasons outlined above, Plaintiff Alidoust must show cause why certain other claims should not be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [15, 17, 19, 21] Motions are **GRANTED**. All state law claims against Defendants Adam, Contranchis, Comptom, Saucier, Bass, Thompson, and Zeringue are dismissed with prejudice. The Title VI, ADA, and Rehabilitation Act claims against these Defendants in their individual capacities are also dismissed with prejudice. The remaining individual capacity claims are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Alidoust must file an Amended Complaint, as discussed herein, **by August 23, 2017**. The Amended Complaint should specifically set out each cause of action Plaintiff Alidoust is attempting to state against each Defendant, and should not simply lump all Defendants together, so that both the Court and the Defendant can discern what the actual claims are. *See Copeland*, 2016 WL 4250431, at *4-5.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Alidoust must show cause **by August 23, 2017** why certain other claims in this action should not be dismissed, as discussed herein. Any show cause response should include relevant legal authority as to why the subject claims should not be dismissed. In lieu of filing such a response, Alidoust may elect to address the

deficiencies in the subject claims by way of his Amended Complaint. However, the Court again cautions Alidoust that any Amended Complaint should not contain claims that the Court has already dismissed or that lack a factual or legal basis.

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE